## 8739

### FICKEN JORDAN CO. v. LANGFORD.

RES JUDICATA—REPORT OF REFEREE—COSTS.—Recommendations made by the master as to distribution of the costs of receivership and other Court costs in a report confirmed by the Circuit Court and not appealed from are *res judicata* as to these items, although the confirmatory order directs the referee to apportion the costs and disbursements.

Before WILSON, J., Hampton, November, 1912. Affirmed.

Action by Ficken Jordan Company against J. D. Langford *et al.* Walter M. Robinson, receiver, appeals.

The second report of the referee is substantially as follows:

"The undersigned referee, to whom it has been referred by the order of the Hon. H. F. Rice, presiding Judge, dated 21st June, 1912, 'to ascertain and report the amount of costs and disbursements from this proceeding, and to apportion the same among the respective parties hereto, according to their legal rights and liabilities therefor,' with leave to report any special matter, begs leave to report:

"That he held a reference at Hampton, S. C., on August 2, 1912, when he was attended by counsel and the receiver. That it appeared that the amount of costs and disbursements chargeable in the above entitled action, were as stated in the receiver's report, up to June 19, 1912, one thousand and fifty-one dollars and seventy-one cents; to which should be added as the expense of this reference, a fee of twenty-five dollars and six dollars and ninety cents, expenses, for the referee holding this reference and making this report, and fifty dollars as a fee for the receiver's attorney representing him at this reference. I therefore find that the total costs and disbursements chargeable againts the fund are

eleven hundred and thirty-three and 61-100 dollars, up to and including the filing of this report.

"Mr. Hiers, attorney for the Georgia Railroad Bank, plaintiff in several of the above actions, urged that he was entitled to a fee to be paid out of the common fund, for his services in bringing said actions.

"He cited the cases of *Walker* v. *Killian,* 62 S. C. 483, and *Friedham* v. *Crescent Mills,* 64 S. C. 277.

"I do not report such fee for him, as under my view of the legal rights of the parties, an attorney for a subsequent incumbrancer is not entitled to costs, nor is his client entitled to attorney's fees under the stipulation in its mortgages out of the proceeds of sale of the mortgaged lands, until the debts and costs of all prior incumbrancers have been satisfied. Wiltsie on Mortgage Foreclosures, sections 852 and 853. See, also, *Lithauer* v. *Royle,* 17 N. J. Eq. (2 C. E. Gr.) 40.

"In my report, as referee in the above entitled causes, filed June 20, 1911, I recommended that the costs and disbursements in the above entitled actions, including the costs of the receivership, 'should be divided *pro rata* and distributed according to the amount realized from the sale of the several pieces or parcels of land,' and 'the balance of the proceeds of sale derived from several pieces of land, lots or tracts, should be distributed among the lien creditors in accordance with the priorities set out in paragraphs 17 to 27, inclusive, of this (that) report.'

"That recommendation was confirmed by the decree for sale. * * *

"The direction of Judge Kershaw, that all of the costs in *American etc. Co.* v. *Moody,* 40 S. C. 188, 189, should be first paid out of the proceeds of sale, before anything was applicable to the mortgage and judgment debts, was not excepted to; and does not appear to have been considered on appeal.

"I therefore apportion the amount of expenses of sale, costs and disbursements in the above entitled causes, including the expenses of the receivership, among the respective parties, according to their legal rights and liabilities, under my former report, as modified by the decree rendered by Judge DeVore, in said causes, as follows : * * *

"Mr. Warren argued before me, that I should report as special matter, that after the payment of costs, or the proportionate share thereof chargeable, to each lot or parcel of land, as above concluded by me, the receiver should pay each lien creditor the entire amount secured by his lien, with interest from the date of the decree, or report therein confirmed, down to the date of actual payment or settlement by the receiver.

"This is a matter to be determined by the construction of Judge DeVore's decree.  I have not now a copy of that decree before me; but from my recollection of it, I think the position urged by Mr. Warren is correct.  It is in accord with the practice in Pennsylvania, as stated in 22 Cyc. 1553, and I think with the practice in this State in foreclosure cases, but I know of no decision of our Supreme Court upon this point."

*Mr. W. B. deLoach,* for appellant, cites : 64 S. C. 277.

*Messrs. W. S. Tillinghast* and *Warren & Warren,* for Messrs. J. B. Hover, and Butler, Stevens & Co., contra.

March 14, 1914.  The opinion of the Court was delivered by

MR. JUSTICE WATTS.   In this cause in the Court of Common Pleas for Hampton county, brought by Ficken Jordan Company against J. C. Langford *et al.,* praying for the appointment of a receiver, a receiver was appointed. Afterwards certain mortgage creditors, after permission of the Court first obtained, brought suit to foreclose their

mortgages. These cases were consolidated and referred to W. H. Townsend, Esq., referee, to hear and determine all issues of law and fact. Exceptions were taken to this report, and heard by the Court, and the report of the referee was confirmed, and no appeal taken from this order of confirmation and decree for sale. That the receiver was directed by the order of the Court to sell the property of J. C. Langford for the purpose of paying the indebtedness of J. C. Langford as fixed by the decree of the Court. That thereafter the question of taxation of costs and expenses, and expenses of receivership, were referred to W. H. Townsend, Esq., who made his report to which exceptions were filed, which exceptions were heard and overruled by his Honor, Judge Wilson, and the report of referee confirmed, from this order the receiver appeals.

The exceptions, six in number, impute error on the part of his Honor in confirming the report of the referee, wherein the referee held that the costs of the receivership should be divided *pro rata* and distributed according to the amount realized from the sale of the several pieces of land. This being his recommendation in · his former report, wherein he makes the apportionment of the expenses of receivership, and that report being confirmed by the Court and made the judgment of the Court he is bound by the same, whereas he should have held that under the order confirming the original report an order was taken directing the referee to apportion the costs and disbursements among the parties, and that he should have held that he was not bound by the recommendations in his former report. The last report of the referee should be set out in the report of the case.

The exceptions should be overruled. In his original report he recommends the sale of the land and fully recommends how the proceeds, derived therefrom, are to be disbursed as expenses of sale, including fees of referee, and stenographer, etc., to be included in the taxation of costs.

and disbursements, as per agreement of counsel, "All of
which shall be divided *pro rata* and distributed according
to the amount realized from the sale of the several pieces
or parcels of land," etc.

No appeal was taken from this decree, and all parties to
the suit by their acquiescences, are bound by it as it became
*res adjudicata,* and the law of the case. Inasmuch as
neither the receiver, nor any party interested in the decree
appealed from the decree confirming the first report of the
referee, they are now precluded from raising any ques-
tion adjudicated therein. They are concluded by the
acquiescence in the decree. *Shell* v. *Young,* 32 S. C. 472,
11 S. E. 299.

Affirmed.